1 William E. Stoner, Esq. SBN 101418
2 **WILLIAM E. STONER, PC**
  601 S. Figueroa St., Suite 2340
3 Los Angeles, California 90017
4 Telephone:  (213) 687-2640
  Facsimile:   (213) 687-2644
5 Wstoner@stonerlawoffice.com
6
7 Attorneys for Plaintiff, **ITALIAN CONNECTION, INC.**
8 **dba BILA OF CALIFORNIA**
9
10                    **UNITED STATES DISTRICT COURT**
11                    **CENTRAL DISTRICT OF CALIFORNIA**

| ITALIAN CONNECTION, INC. dba BILA OF CALIFORNIA, a California Corporation<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ARCADIA GROUP (USA) LIMITED dba TOPSHOP, a California Corporation; BAND OF GYPSIES, INC., a California Corporation; and DOES 1-10, inclusive.<br><br>　　　　　Defendants. | CASE NO.:<br><br>**COMPLAINT FOR:**<br><br>1.　**COPYRIGHT INFRINGEMENT**<br>2.　**FEDERAL UNFAIRCOMPETITION**<br>3.　**CALIFORNIA UNFAIRCOMPETITION; and,**<br>4.　**UNJUST ENRICHMENT**<br><br>**DEMAND FOR JURY TRIAL** |
|---|---|

Plaintiff ITALIAN CONNECTION, INC., dba BILA OF CALIFORNIA ("BILA" or "Plaintiff") for its Complaint against Defendants ARCADIA GROUP (USA) LIMITED dba TOPSHOP ("Topshop") and BAND OF GYPSIES, INC. ("Band of Gypsies") (collectively, Topshop and Band of Gypsies shall be referred to as the "Defendants") alleges as follows:

## I. JURISDICTION AND VENUE

1. This is an action for copyright infringement arising under the Federal Copyright Act, 17 U.S.C. §101 et seq., and unfair competition in violation of the Lanham Act, 15 U.S.C. §1125(a), and also for unfair competition under the laws of the State of California. This Court is vested with jurisdiction of the parties and the subject matter of the action under 28 U.S.C. §§ 1331, 1338(a) and (b) and 15 U.S.C. §1121. In addition, this Court has pendent jurisdiction over the State claims alleged herein as the actions arise out of the same transactions and occurrence.

2. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§1391(b) and (c) and 1400(a) because Topshop, with numerous retail stores located in this District selling the infringing item, has sufficient contacts in this District. Additionally, Band of Gypsies is selling the infringing item in retail stores in this District and thus has sufficient contacts in this District. Furthermore, BILA is headquartered in this District and is injured in this District.

## II. THE PARTIES

3. BILA is, and at all times herein mentioned was, a corporation incorporated under the laws of the State of California with its principal place of business located at 2330 E. Olympic Boulevard, Los Angeles, California 90021.

4. BILA is actively engaged in the business of creating, manufacturing, distributing and selling women's clothing items and has been doing so since 1978. BILA has developed a reputation for producing high quality, creative, innovative women's fashion designs that are highly prized in the clothing market.

5. BILA is informed and believes, and on that basis alleges, that ARCADIA GROUP (USA) LIMITED dba TOPSHOP is, and at all times mentioned was, a corporation incorporated under the laws of the State of California, and is doing business within this Judicial District.

6. BILA is informed and believes, and on that basis alleges that Topshop is a retailer selling fashion clothing, shoes, makeup and accessories and operates over 400 stores worldwide, including in the United States. In addition to retail stores, Topshop offers its clothing products for sale on the internet.

7. BILA is informed and believes, and on that basis alleges, that Band of Gypsies is, and at all times mentioned was, a corporation incorporated under the laws of the State of California with its principal place of business located at 1038 Chautauqua Blvd., Pacific Palisades, California 90272, and is doing business within this Judicial District.

3
COMPLAINT FOR COPYRIGHT INFRINGEMENT

8. BILA is informed and believes, and on that basis alleges, that Band of Gypsies is a fashion company manufacturing and selling apparel in national retail stores and in specialty retailers in the United States, including California. Additionally, Band of Gypsies offers its products for sale on the internet.

9. The true capacity, whether corporate, individual, associated or otherwise of the defendants sued herein as Does 1 through 10, inclusive, are unknown to BILA who, for that reason, sues them by such fictitious names. BILA will seek to amend this Complaint to show the true names and capacities of Does 1 through 10 when such have been ascertained. Bila is informed and believes, and on that basis alleges, that the DOE defendants should also be subject to the relief requested herein.

10. BILA is informed and believes, and on that basis alleges, that during all times mentioned herein, each of the defendants was the duly authorized agent, servant or representative of each other defendant and was acting at all times both on its own behalf and on behalf and within the course and scope of its agency or representative capacity, with the knowledge and consent of the other defendant.

### III. NATURE OF DEFENDANTS' UNLAWFUL CONDUCT

11. In or about 2011, BILA caused to be created a fabric design labeled with the code RJ C-06-H-7 ("RJ Print") that is used for women's clothing items. This fabric design, which is an Indian stripe tribal-themed paisley motif, is wholly original with Bernini Studio, who assigned all rights, title, and interest in the copyright to

BILA for good and valuable consideration on or about June 15, 2011. A copy of the "Assignment of Copyright" signed by an authorized agent on behalf of Bernini Studio dated June 15, 2011, is attached as Exhibit "A" and incorporated by this reference. The RJ Print is copyrightable subject matter under the laws of the United States. Attached as Exhibit "B" and incorporated by this reference is a picture of a BILA dress from their line that incorporates the RJ Print design.

12. BILA has complied in all respects to the copyright laws of the United States and received from the Register of Copyrights a Certificate of Registration for its RJ Print, Registration No. VAu1-079-522. A copy of the Certificate of Registration for the RJ Print is attached as Exhibit "C" and incorporated by this reference.

13. The RJ Print has been used by BILA, or under its authority and in conformity with the provisions of the copyright laws of the United States, on women's clothing items such as depicted in Exhibit "D". BILA has been, and still is, the sole owner of all right, title and interest in and to the copyright in the RJ Print.

14. BILA has expended large sums of money from 1978 to the present in developing, advertising and promoting its product designs in the United States, including California, and elsewhere. Clothing items utilizing the RJ Print have been widely distributed by BILA since 2011.

15. BILA prides itself on taking a hands-on approach in all aspects of the business, importing from India almost exclusively since the 1970's. BILA hand

1  selects art work from all over the world that showcases BILA's unique and vibrant
2  prints (dresses, skirts, and blouses) in several different color schemes that are featured
3  in major department stores throughout the world. As a result of BILA's advertising
4  and promotion of its fabric designs, BILA has developed, and has continued to
5  develop, a large and growing business in women's fashion designs in the United
6  States, including California, and elsewhere. That business is very valuable to BILA.

   16.   As a result of BILA's advertising and promotional efforts and the wide distribution of BILA's clothing items utilizing the RJ Print, BILA's women's clothing designs have become well known and recognized in the trade and among customers and potential customers of BILA's products in the United States, including California, and elsewhere, as associated with and signifying BILA's fabric designs and clothing items.

   17.   BILA is informed and believes, and on that basis alleges, that Topshop is a retail distributor of, among other things, women's clothing items in the United States, including California.

   18.   BILA is informed and believes, and on that basis alleges, that Band of Gypsies manufactures and sells women's clothing in the United States, including California.

   19.   BILA is informed and believes, and on that basis alleges, that Topshop distributes and sells clothing items in its stores, including clothing items from other

fashion companies. Among the other fashion companies selling their clothing items in Topshop stores is Band of Gypsies.

20. BILA is informed and believes, and on that basis alleges, that Defendants, and each of them, have recently commenced the distribution and sale of clothing items incorporating designs that are substantially similar if not identical to BILA's copyrighted RJ Print. A copy of a website image of an infringing clothing item sold by Topshop in this Judicial District and showing Band of Gypsies as the designer of the infringing clothing item is marked as Exhibit "E" and incorporated by this reference. A photograph of infringing clothing purchased from Defendants and delivered to a customer within this Judicial District and a copy of the receipt showing proof of purchase of the infringing item from Topshop are marked as Exhibit "F" and Exhibit "G" respectively and incorporated by this reference.

21. BILA has never consented to the use of the design by Defendants and objects to the infringement of its RJ Print. This Complaint demands that Defendants, and each of them, cease and desist further manufacturing, sale, and distribution of any clothing items incorporating any design which is substantially similar to the RJ Print in the United States or elsewhere.

22. Such copying and use of BILA's copyrighted designs have been, and continue to be, unauthorized and to the detriment of BILA and to the commercial advantage of Defendants, and each of them.

23. Such unauthorized copying and use of BILA's RJ Print, and will cause substantial injury to BILA's reputation and business and, upon information and belief, already has caused such injury.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement - 17 U.S.C. §101, et seq.)

### (As to All Defendants)

24. BILA incorporates herein by this reference the allegations contained in the paragraphs above as though fully set forth herein.

25. BILA has properly registered ownership and control of the RJ print and holds a copyright registration certification from the United States Copyright Office. (See Exhibit "C").

26. BILA's RJ Print is protected under the Copyright Act of 1976, 17 U.S.C. §102 and §302.

27. Without authorization, in or around 2013, Band of Gypsies manufactured, sold and distributed clothing items that incorporated BILA's copyrighted RJ Print.

28. Without authorization, in or around 2013 Topshop sold and distributed clothing items which incorporated BILA's copyrighted RJ Print.

29. BILA did not authorize Defendants, or any of them, to copy, manufacture or distribute its RJ Print.

30. The foregoing acts of Defendants, and each of them, violate BILA's exclusive right to reproduce or display, or cause to be reproduced or displayed, the RJ Print design in violation of BILA's exclusive rights under 17 U.S.C. § 106.

31. Defendants' unlawful acts constitute copyright infringement pursuant to 17 U.S.C. §501. As a result of the unlawful and willful acts of Defendants, and each of them, BILA is being, has been, and will continue to be irreparably harmed.

32. Unless restrained by the Court, Defendants, and each of them, will continue to engage in such willful copyright infringement all to BILA's irreparable injury.

33. As a direct and proximate result of the foregoing acts and conduct of Defendants, and each of them, BILA has suffered damages and as such, is entitled to recover damages pursuant to 17 U.S.C. § 504, which include losses and any and all profits defendants, and each of them, have made as a result of its wrongful conduct, in an amount which cannot be now ascertained or computed, but that is capable of proof at trial and with an accounting.

## SECOND CLAIM FOR RELIEF

### (Federal Unfair Competition - 15 U.S.C. §1125(a))

### (As to All Defendants)

34. BILA incorporates by this reference the allegations contained in the paragraphs above as though fully set forth herein.

35. In copying BILA's designs and using them in Defendants', and each of their, products, Defendants, and each of them, used false designations of origin, false or misleading descriptions of fact and false or misleading representations of fact which are likely to cause confusion, or to cause mistake or to deceive as to the origin, sponsorship or approval of Defendants', and each of their, goods or commercial activities within the meaning of 15 U.S.C. §1125(a)(1)(A) and which misrepresents the nature, characteristics and qualities of Defendants', and each of their, goods or commercial activities, within the meaning of 15 U.S.C. §1125(a)(1)(B).

36. Unless restrained by the Court, Defendants, and each of them will continue engaging in the acts complained of, all to BILA's irreparable damage.

37. As a direct and proximate result of the foregoing acts and conduct of Defendants, and each of them, BILA has suffered damages in an amount which cannot now be ascertained or computed, but that it is capable of proof at trial.

## THIRD CLAIM FOR RELIEF

**(California Unfair Competition)**

**(As to all Defendants)**

38. BILA incorporates herein by this reference the allegations contained in the paragraphs above as though fully set forth herein.

39. The aforementioned unauthorized acts of Defendants, and each of them, in direct competition with BILA, constitute unfair business practices and unfair competition in violation of the California common law of unfair competition and

California statutes pertaining to unfair competition, California Business and Professions Code §17200, *et seq*.

40. Unless restrained by the Court, Defendants, and each of them, will continue the acts complained of, all to BILA's irreparable damage.

41. As a direct and proximate result of the foregoing acts and conduct of Defendants, and each of them, BILA has suffered damages in an amount which cannot now be ascertained or computed, but that are capable of proof at trial.

42. BILA is informed and believes, and on that basis alleges, that Defendants, and each of them, performed the acts alleged with intent to injure BILA, and said acts were done fraudulently, maliciously and oppressively with knowledge of BILA's exclusive rights in the fabric design and thus justify the awarding of exemplary and punitive damages.

## FOURTH CLAIM FOR RELIEF

### (Unjust Enrichment)

### (As to all Defendants)

43. BILA incorporates herein by this reference the allegations contained in the paragraphs above, as though fully set forth herein.

44. By the acts complained of herein, Defendants, and each of them, have been unjustly enriched by their wrongful acts at the expense of BILA. These acts have unjustly enriched and wrongfully benefitted Defendants, and each of them, by an amount presently unknown to BILA, to which BILA is rightfully entitled.

**WHEREFORE**, Italian Connection, Inc. dba BILA of California prays for the entry of judgment against Defendants, and each of them, as follows:

45. First Claim for Relief:

    (a). For damages according to proof at trial including BILA's lost profits, and for all profits derived by Defendants by their acts;

    (b). For statutory damages under 17 U.S.C. §504(c)(2);

    (c). For an Order that Defendants and their agents, employees and all entities affiliated therewith, be enjoined, during the pendency of this action, and permanently from manufacturing, reproducing, displaying, or causing to be reproduced or displayed, distributing or selling items containing a design that is substantially similar to the RJ Print of BILA and from using any design that is substantially similar to the RJ Print on clothing items, or on any items whatsoever;

    (d). For an Order that all clothing items of Defendants utilizing the RJ Print of BILA, or any design substantially similar thereto, and all other articles by which such copies may be produced, be impounded during the pendency of this action and that the Court order their destruction as part of a final judgment or decree;

    (e). For reasonable attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

46. Second Claim for Relief:

    (a). For damages according to proof at trial;

      (b). For an accounting of all proceeds received by defendants from all sales resulting from Defendants' use of the fabric design complained of herein;

      (c). For an Order that Defendants are enjoined, during the pendency of this action, and permanently, from using any design that is substantially similar to the RJ Print on any items and from using any false or misleading descriptions or representations of fact with respect to Defendants' goods or commercial activity; and

      (d). For attorneys' fees and costs pursuant to 15 U.S.C. §1117.

47. Third Claim for Relief:

      (a). For damages according to proof at trial;

      (b). For an accounting of all profits received by Defendants from sales of clothing items incorporating the RJ Print, or any design substantially similar thereto;

      (c). For an Order that Defendants be enjoined, during the pendency of this action, and permanently, from utilizing the RJ Print or any design substantially similar thereto, on any items; and,

      (d). For punitive damages.

48. Fourth Claim for Relief:

      (a). For damages according to proof at trial;

      (b). For an accounting of all profits received by Defendants from sales of clothing items incorporating the RJ Print designs and any design substantially similar thereto.

49. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Italian Connection, Inc. dba BILA of California, pursuant to Federal Rules of Civil Procedure, Rule 38(b), demands a jury trial of all issues herein triable of right by jury.

Dated: June 18, 2014

WILLIAM E. STONER, PC

_/s/ William E. Stoner_
William E. Stoner
Attorneys for Plaintiff ITALIAN CONNECTION, INC. dba BILA OF CALIFORNIA, a CaliforniaCorporation